**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| **JUSTIN DRAKE, and ANDY PENSADO, on behalf of themselves and others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**EXPRESS FREIGHT HANDLERS INC., a Foreign Profit Corporation, BRIAN SHEDLICK, an individual, and JAMES WISSING, an individual,**<br><br>**Defendants.** | **CIVIL ACTION FILE NO:**<br><br>**FLSA Collective Action** |

## COMPLAINT FOR DAMAGES AND JURY DEMAND

COME NOW Plaintiffs Justin Drake and Andy Pensado, on behalf of themselves and others similarly situated (collectively "Plaintiffs"), by and through the undersigned counsel, hereby files this Complaint against Defendants Express Freight Handlers Inc., a Foreign Profit Corporation ("Express Freight"), Brian Shedlick, an individual, and James Wissing, an individual, (collectively "Defendants"), and allege as follows:

## INTRODUCTION

1. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, costs, and reasonable attorneys' fees because of Defendants' failure to pay Plaintiffs lawful overtime compensation for hours worked in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants willfully and intentionally committed violations of the FLSA as described, *infra*.

3. This action is intended to include each employee who was subject to the Defendants' FLSA violation(s) within the past three (3) years.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to the FLSA and 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred within the jurisdiction of this Court.

## PARTIES

6. Plaintiff Justin Drake ("Mr. Drake"), resides in this District and is a former employee of Defendants, having been employed by Defendants from approximately November 2024 to November 2025.

7. Plaintiff Andy Pensado ("Mr. Pensado"), resides in this District and is a former employee of Defendants, having been employed by Defendants from approximately November 17, 2023, to December 2024.

8. Plaintiffs, and other similarly situated individuals, are/were employees of Defendants within the meaning of the FLSA.

9. Plaintiffs, and other similarly situated undividuals, are all current or former employees with forklift operator job duties who worked for Defendants in the State of Georgia at any time starting three (3) years before this Complaint was filed, up to the present.

10. Plaintiff Drake was a forklift operator who worked for Defendants at the Restaurant Depot Commerce Distribution Center, located at 115 Commerce Exchange Dr, Commerce, Georgia 30529.

11. Plaintiff Pensado was a forklift operator for Defendants, and subsequently, an assistant manager with forklift operator duties who worked for

Defendants at the Restaurant Depot Commerce Distribution Center, located at 115 Commerce Exchange Dr, Commerce, Georgia 30529.

12. Defendant Express Freight Handlers, Inc. ("Express Freight") is a Foreign Profit Corporation organized under the laws of the State of New York and registered to do business in the State of Georgia. Defendant Express Freight may be served by delivering a copy of the Summons and Complaint upon its registered agent, INCORP SERVICES, INC., at 9040 Roswell Road, Suite 500, Atlanta, Georgia 30350.

13. At all times material hereto (2023-2026), Defendant Express Freight is/was an "employer" or "joint employer" of Plaintiffs as defined by the FLSA, 29 U.S.C. § 203(d) and (g).

14. Defendant Brian Shedlick ("Shedlick") is, on information and belief, an owner, authorizer, managing partner, Secretary, and Chief Financial Officer ("CFO") of Express Freight. He is subject to the personal jurisdiction of this Court and may be personally served at 18 Pheasant Hill Lane, Glen Head, New York 11545, or wherever he may be found.

15. At all times material hereto (2023-2026), Defendant Shedlick is/was an "employer" or "joint employer" of Plaintiffs as defined by the FLSA, 29 U.S.C. § 203(d) and (g).

16. Defendant James Wissing ("Wissing") is, on information and belief, an owner, authorizer, and Chief Executive Officer ("CEO") of Express Freight. He is subject to the personal jurisdiction of this Court and may be personally served at 32 Meadow Lane, Glen Head, New York 11545, or wherever he may be found.

17. At all times material hereto (2023-2026), Defendant Wissing is/was an "employer" or "joint employer" of Plaintiffs as defined by the FLSA, 29 U.S.C. § 203(d) and (g).

18. Defendants may be served under Rule 4 of the Federal Rules of Civil Procedure.

**FLSA COVERAGE**

19. At all material times hereto (2023-2026), Defendants were, individually and separately, and continue to be, an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

20. At all material times hereto (2023-2026), Defendants were, individually and separately, and continue to be, an enterprise subject to the FLSA's provisions on overtime wages.

21. At all material times hereto (2023-2026), Defendants were, individually and separately, and continue to be, an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees

engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (i.e. business equipment, telephones, computers, cleaning supplies, and paper).

22. At all material times hereto (2023-2026), Defendants' employees ran credit card transactions which engaged in interstate commerce, handling or otherwise working with materials that have been moved in or produced for interstate commerce (i.e. telephones, computers, pens, and paper).

23. Based upon information and belief, at all material times hereto (2023-2026), Defendants, individually and separately, have had an annual gross volume of sales made or business done of not less than five hundred thousand and 0/100 dollars ($500,000.00), exclusive of excise taxes at the retail level which are separately stated.

24. At all material times hereto (2023-2026), Defendants were, individually and separately, and continue to be, an "employer" within the meaning of the FLSA, and defined by 29 U.S.C. § 203(d).

25. At all material times hereto (2023-2026), Defendants were, individually and separately, and continue to be, Plaintiffs' "employer" within the meaning of the FLSA.

26. At all material times hereto (2023-2026), Plaintiffs were "employees" of Defendants within the meaning of the FLSA.

27. At all material times hereto (2023-2026), Plaintiffs were "engaged in commerce" under the FLSA and subject to the individual coverage of the FLSA.

28. At all material times hereto (2023-2026), Plaintiffs were engaged in the "production of goods for commerce" under the FLSA and subject to the individual coverage of the FLSA.

29. Additionally, at all material times hereto (2023-2026), Plaintiffs, and those similarly situated individuals, were employees of Defendants and individually engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a)(1) as they were required to communicate with out of state customers and accept payment from customers using credit cards issued by out of state financial institutions on a daily basis.

30. At all times relevant to this action, Defendant Shedlick regularly exercised the authority to hire and fire employees of Express Freight.

31. At all times relevant to this action, Defendant Wissing regularly exercised the authority to hire and fire employees of Express Freight.

32. At all times relevant to this action, Defendant Shedlick determined the work schedules for the employees of Express Freight.

33. At all times relevant to this action, Defendant Wissing determined the work schedules for the employees of Express Freight.

34. At all times relevant to this action, Defendant Shedlick controlled the finances and operations of Express Freight.

35. At all times relevant to this action, Defendant Wissing controlled the finances and operations of Express Freight.

36. By virtue of having regularly exercised that authority on behalf of Express Freight, Defendant Shedlick is an employer as defined by 29 U.S.C. § 201, *et seq.*

37. By virtue of having regularly exercised that authority on behalf of Express Freight, Defendant Wissing is an employer as defined by 29 U.S.C. § 201, *et seq.*

38. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiffs Drake and Pensado, and those similarly situated, are in the possession, custody and control of Defendants.

## FACTUAL ALLEGATIONS

39. During the three years prior to the filing of this Complaint, Defendants owned and operated Express Freight, a company in the warehouse and storage industry that specializes in freight unloading services.

40. Express Freight provides these services nationwide, including in the State of Georgia.

41. Defendants employ numerous forklift operators, as well as other employees with forklift operator job duties.

42. Plaintiffs performed forklift operator job duties for Express Freight primarily at the Restaurant Depot Commerce Distribution Center, located at 115 Commerce Exchange Dr, Commerce, Georgia 30529 ("Restaurant Depot").

43. During a typical work shift for Defendants, Plaintiffs would unload and/or restack numerous pallets for specific vendors at Restaurant Depot.

44. The product contained within said pallets ranged from items of food, such as tilapia, shrimp and vegetables, to common restaurant items and equipment, such as cups.

45. Plaintiff Drake worked for the Defendants as a forklift operator from approximately November 2024 to November 2025.

46. Plaintiff Pensado worked for the Defendants as a forklift operator, and subsequently, an assistant manager with forklift operator job duties from approximately November 17, 2023, to December 2024.

47. While Plaintiff Pensado's official job title while employed by Defendants was assistant manager, a significant portion of his daily job duties required forklift operations.

48. At all relevant times, Plaintiffs have not been subject to any exemption from the overtime wage requirements of the FLSA.

49. At all relevant times, Plaintiff Drake was compensated at an hourly rate of $20.00 per hour for his work as a forklift operator.

50. At all relevant times, Plaintiff Pensado was compensated at an hourly rate of $20.00 per hour for his work as an assistant manager with forklift operator job duties.

51. At no time during their employment with Defendants were Plaintiffs compensated on a salary basis.

52. Plaintiffs, and other similarly situated employees, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

53. In fact, Plaintiffs worked seventy (70) to eighty (80) hours per week for Defendants during his tenure.

54. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiffs, and other similarly situated employees, overtime compensation at a rate of no less than time and one half their regular rate of pay for all hours worked over forty in a workweek.

55. Plaintiffs and those similarly situated were eligible for overtime provided they worked more than forty (40) hours per week.

56. As a result, Plaintiffs and those similarly situated, should have received compensation at time and one half their regular rate of pay for all hours worked beyond the forty (40) hours per week.

57. Defendants jointly owned, operated, and managed Express Freight and were all involved in the day-to-day operation of Express Freight.

58. Defendants have employed and are currently employing other individuals such as Plaintiffs who perform(ed) the same or similar job duties under the same pay provision as Plaintiffs and the class members.

59. On multiple occasions, Plaintiffs and the class members complained to Defendants regarding Defendants' illegal compensation practices, including Defendants failure to pay them for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

60. In response, Defendants retaliated against Plaintiff by terminating his employment.

61. In response, upon information and belief, Defendants retaliated against the class members through, for instance, suspension(s), adjustment in work schedule(s), and/or termination of employment.

62. Defendants' failure and/or refusal to properly compensate Plaintiff and the class members at the rates and amounts required by the FLSA were willful.

63. Defendants' retaliatory conduct against Plaintiff and the class members for complaining about Defendants' pay practices was willful.

## COLLECTIVE ACTION ALLEGATIONS

64. Plaintiff and the class members performed the same or similar job duties as one another in that they provided forklift operator services for Defendants.

65. Plaintiff and the class members were paid by the hour.

66. In addition, Plaintiff and the class members were subjected to the same pay provisions in that they were not compensated at time-and-one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.

67. Due to Defendants' common policy violations, Plaintiffs and the class members are owed overtime wages.

68. Thus, the class members are similar with regard to their wages for the same reasons as Plaintiffs.

69. These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in the non-payment of federally mandated overtime wages to Plaintiffs apply to all class members. Accordingly, the class members are properly defined as:

> **All service employees (servers and bartenders) subject to Defendants' tip out, minimum wage and/or overtime wage violations, who worked at Defendants' restaurant within the last three years**

70. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiffs and the class members.

71. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

72. During the relevant period, Defendants violated § 7(a)(1), § 15(a)(2) and § 203(m), by employing employees in an enterprise engaged in commerce or in

the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

73. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

74. Plaintiffs and others similarly situated (the "FLSA Collective Action Members"), are individuals who are current and former employees of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

75. Questions that are common among the FLSA Collective Action Members include, but are not limited to:

a. whether Defendants have, and continue to, unlawfully refuse to pay proper overtime compensation, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, through the aforementioned policies and practices;

b. whether Defendants' failure to pay such proper compensation is willful within the meaning of the FLSA.

76. There are numerous similarly situated current and former employees of Defendants who have been subject to the same policies and practices alleged herein, in violation of the FLSA, and who would benefit from the issuance of a Court-

supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable by Defendants' records.

77. Each of the named Plaintiffs consented to sue in this action pursuant to the FLSA, 29 U.S.C. § 216(b). Additional potential collective action members may execute and file forms consenting to opt-in to join as a plaintiff in the instant action.

78. Plaintiffs, on behalf of themselves and other similarly situated current and former employees, bring this collective action against Defendants under the FLSA, 29 U.S.C. §§ 201, *et seq*. for failure to pay overtime compensation, and for retaliation in violation of the FLSA.

## CAUSES OF ACTION

### COUNT I: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA, 29 U.S.C. § 207

**(By Plaintiffs Individually and on Behalf of the Collective Against All Defendants)**

79. Plaintiffs hereby incorporate paragraphs 1-78 above by reference as if fully set forth fully herein.

80. Each Defendant is an "employer" or "joint employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d).

81. Defendants are engaged in "commerce" and/or in the production of "goods" for "commerce" as those terms are defined in the FLSA.

82. Defendants operate an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), because it has employees engaged in commerce, and because its annual gross volume of sales made is more than $500,000.

83. Plaintiffs consent to sue in this action pursuant to 29 U.S.C. § 216(b).

84. Plaintiffs regularly worked in excess of forty (40) hours per week.

85. Plaintiffs were and are entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

86. Defendants failed to pay Plaintiffs the applicable overtime wage for each hour in excess of forty (40) during each workweek in which Plaintiffs worked in violation of the FLSA, 29 U.S.C. § 207.

87. Instead, on occasion, Defendants paid Plaintiffs the applicable overtime wage for some, but not all hours in excess of forty (40) during particular workweeks in which Plaintiffs worked in violation of the FLSA, 29 U.S.C. § 207.

88. Defendants failed to maintain proper time records as mandated by the FLSA.

89. Based upon the conduct alleged herein, Defendants knowingly, intentionally and willfully violated the FLSA by not paying Plaintiffs the applicable overtime wage required under the FLSA.

90. Defendants actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs for all hours worked in excess of forty (40) hours per week when they knew, or should have known, such was, and is due.

91. Defendants are unable to demonstrate good faith compliance with the FLSA as Defendants knew or reasonably should have known of their obligations to pay Plaintiffs overtime pay for overtime hours worked in a given workweek. In fact, upon information and belief, Defendants continued to violate the FLSA long after it learned that its compensation policies were illegal.

92. Defendants failed to properly disclose or apprise Plaintiffs' rights under the FLSA.

93. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiffs suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

94. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants overtime wage compensation and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered in their favor against Defendants; awarding Plaintiffs overtime compensation in the amount due for Plaintiffs' time worked in excess of forty (40) hours per work week while employed; an equal amount in liquidated damages; awarding Plaintiffs' pre-judgment and/or post-judgment interest; an award of costs and expenses of this action together with reasonable attorneys' and expert fees; and any other further relief the Court deems just and proper.

## COUNT II: RETALIATION IN VIOLATION OF THE FLSA 29 U.S.C. § 215(a)(3)
### (By Plaintiffs Individually and on Behalf of the Collective Against All Defendants)

95. Plaintiffs hereby incorporate paragraphs 1-78 above by reference as if fully set forth fully herein.

96. During their employment with Defendants, Plaintiffs made complaints to Defendants regarding Defendants' illegal compensation policies, including but not limited to Defendants' failure to pay overtime compensation, and expressed their desire to be paid the same.

97. Following Plaintiffs' complaints, upon information and belief, Defendants retaliated against Plaintiffs through, for instance, suspension(s), adjustment in work schedule(s), and/or termination of employment.

98. Defendants have discriminated and retaliated against Plaintiffs because they complained about Defendants' unlawful pay and employment practices in violation of 29 U.S.C. §215(a)(3).

99. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have been damaged.

100. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

101. As a result, Plaintiffs seek a judgment against Defendants for violation of 29 U.S.C. § 215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court grant relief as follows:

a. Award Plaintiffs an amount to be determined at trial against Defendants for unpaid overtime wages, including unlawful deductions due under the FLSA;

b. Award Plaintiffs liquidated damages against Defendants in the same amount as their unpaid overtime wages;

c. Award Plaintiffs prejudgment interest on all amounts owed;

d. Conditional certification of this case as a collective action under the FLSA;

e. Award Plaintiffs their reasonable attorneys' fees and costs of litigation under the FLSA; and

f. Award any and such other relief this Court deems just, equitable and proper.

Respectfully submitted this 29th day of May, 2026.

***/s/ Jordan P. Rose***
Jordan P. Rose, Esq.
GA Bar No. 851471
Carlos V. Leach, Esq.
GA Bar No. 488443
THE LEACH FIRM, P.A.
1560 N. Orange Ave., Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com
Email: jrose@theleachfirm.com
Email: ppalmer@theleachfirm.com

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Demand is hereby made for trial by jury on all issues raised by these pleadings.

***/s/ Jordan P. Rose***
Jordan P. Rose, Esq